UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID LEDEZMA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1972** |
| **IMPERIAL FIRE & CASUALTY INSURANCE COMPANY** | **SECTION: "P" (2)** |

## ORDER AND REASONS

Before the Court is the Motion for Remand filed by Plaintiff, David Ledezma.[1] For the reasons that follow, **IT IS ORDERED** that the motion is **GRANTED**.

Ledezma alleges that on or about September 6, 2022, a fire damaged his property in Terrytown, Louisiana.[2] Ledezma further alleges that his property was covered by an insurance policy issued by Defendant, Imperial Fire & Casualty Insurance Company ("Imperial"), but that Imperial's inspection of the property severely underestimated the fire's damage.[3] Among other claims, Ledezma contends that the full damages amounted to $190,284.06 and that Imperial breached the insurance contract by refusing to pay Ledezma that amount.[4] On April 18, 2024, Ledezma brought this action against Imperial in the 24th Judicial District Court for the Parish of Jefferson,[5] and Imperial's registered agent was served on May 14, 2024.[6]

Imperial removed this action to this Court on August 9, 2024.[7] Imperial contends that this action is removable and can be heard by a federal court because federal diversity jurisdiction exists

---

[1] R. Doc. 6.
[2] R. Doc. 1-2 at 2.
[3] *Id.* at 2-3.
[4] *Id.* at 4-5.
[5] *See generally* R. Doc. 1-2.
[6] *See* R. Doc. 6-1 at 1 (citing R. Doc. 1). Neither party provides evidence of when Imperial was served, but because Imperial does not oppose the motion, the Court will accept this contention as true for the purpose of ruling on the motion.
[7] R. Doc. 1.

under 28 U.S.C. § 1332(a).[8]  Now, Ledezma seeks to remand this action to Louisiana state court because, he contends, Imperial did not timely remove this action from state court.[9]

Under 28 U.S.C. § 1332(a), diversity jurisdiction exists when the parties are completely diverse and the amount in controversy is more than $75,000.[10]  Ledezma does not contest that the parties are completely diverse—he is a citizen of Louisiana, while Imperial is incorporated and has its principal place of business in North Carolina.[11]  And Ledezma claims that Imperial owes him at least $190,284.06 under the insurance policy.[12]  Thus, federal diversity jurisdiction appears to exist pursuant to 28 U.S.C. § 1332(a).

Nevertheless, Ledezma argues that Imperial did not timely remove this action because "28 U.S.C. § 1446(b)(1) clearly states 'the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise.'"[13]  Removal was not timely, Ledezma contends, because Imperial did not remove this action until August 9, 2024, nearly three months after Imperial's registered agent was served with Ledezma's petition for damages on May 14, 2024.[14]  Imperial has not filed an opposition to Ledezma's motion, but its Petition of Removal asserts that, under 28 U.S.C. § 1446(c)(1), removal is timely within one year of the commencement of the action.[15]

"Where the requirements for diversity jurisdiction can be derived from the face of the complaint, 'notice of removal of a civil action or proceeding shall be filed within 30 days after the

---

[8] *Id.* at 2.
[9] *See* R. Doc. 6-1.
[10] "The federal courts may exercise diversity jurisdiction over a civil action between citizens of different States if the amount in controversy exceeds $75,000." *Flagg v. Stryker Corp.*, 819 F.3d 132, 135 (5th Cir. 2016) (en banc) (citing 28 U.S.C. § 1332(a)(1)).
[11] *See* R. Doc. 1 at 2.
[12] *See* R. Doc. 1-2.
[13] *See* R. Doc. 6-1 at 2 (quoting 28 U.S.C. § 1446(b)(1)).
[14] *Id.* at 1 (citing R. Doc. 1).
[15] *See* R. Doc. 1 at 2.

receipt by the defendant . . . of a copy of the initial pleading.'"[16] When the plaintiff's initial pleading does not state facts satisfying diversity jurisdiction, notice of removal must be filed "within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[17] "This late-removal procedure has a time limit, however, as a case that comes to satisfy the substantive requirements of federal diversity jurisdiction may not be removed 'more than 1 year after the commencement of the action.'"[18]

Ledezma's state court petition for damages declares that he is a citizen of Louisiana, that Imperial is a foreign business, and indicates that he is seeking more than $75,000 in damages.[19] Accordingly, it was clear from the face of Ledezma's initial pleading that this action met the requirements for federal diversity jurisdiction and was removable,[20] and the 30-day clock for Imperial to remove the action began to run on May 14, 2024, when Imperial was served.[21] Thus, Ledezma is correct that Imperial did not timely remove this action on August 9, 2024.

Imperial's reliance on the one-year backstop in 28 U.S.C. § 1446(c)(1) is misplaced. That provision is only relevant in the event that a state court action becomes removable (or its eligibility for removal becomes apparent) sometime after the plaintiff's initial pleading.[22] As Imperial

---

[16] *Hajdasz v. Magic Burgers, LLC*, 805 F. App'x 884, 888 (11th Cir. 2020) (quoting 28 U.S.C. § 1446(b)(1)).
[17] 28 U.S.C. § 1446(b)(3).
[18] *Hajdasz*, 805 F. App'x at 888 (quoting 28 U.S.C. § 1446(c)(1)).
[19] *See* R. Doc. 1-2 at 1-3. While Louisiana law provides that "[n]o specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand[,]" LA. CODE CIV. P. art. 893, Ledezma's original petition for damages in this action indicates that he is seeking at least $75,000. *See* R. Doc. 1-2 at 2 ("The following amount was required to be paid by Defendant for repair, damages and/or reimbursement: $190,284.06.").
[20] *See* 28 U.S.C. § 1332(a)(1).
[21] *See* 28 U.S.C. § 1446(b)(1); *see also Colletti v. Bendix*, CIVIL ACTION No. 16-308, 2016 WL 770646, at *3 (E.D. La. Feb. 29, 2016) (Sufficiency of service of process is defined by state law, and Louisiana state law provides that service upon a corporation's agent is sufficient.) (quoting *Pellerin-Mayfield v. Goodwill Indus.*, No. 03-3774, 2003 WL 21474649, at *1 (E.D. La. June 20, 2003)).
[22] *See Hajdasz*, 805 F. App'x at 888 ("This late-removal procedure has a time limit, however, as a case that comes to satisfy the substantive requirements of federal diversity jurisdiction may not be removed 'more than 1 year after the commencement of the action.'") (quoting 28 U.S.C. § 1446(c)(1)).

3

acknowledged in its Petition for Removal,[23] diversity jurisdiction was evident from the original state court pleading, triggering the 30-day removal time limit that begins to run when the defendant receives a copy of the initial pleading.[24]

In sum, Ledezma's original state court petition for damages made clear that this action was eligible for removal, but Imperial did not file its Petition for Removal until nearly three months after receiving the petition, well past the 30-day deadline imposed by 28 U.S.C. § 1446(b)(1). Accordingly, remand is appropriate.[25]

Pursuant to the foregoing, Ledezma's Motion for Remand (R. Doc. 6) is **GRANTED**, and, pursuant to 28 U.S.C. § 1447(c), the above-captioned matter is hereby **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson because the Court finds it was not timely removed from state court.

New Orleans, Louisiana, this 28th day of April 2025.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[23] *See* R. Doc. 1 at 3 ("Here, it is apparent that the amount in controversy exceeds $75,000. In the Petition, Plaintiff alleged he sustained damages in the amount of $190,284.06[.]") (citing R. Doc. 1-2).

[24] *See Hajdasz*, 805 F. App'x at 888 (quoting 28 U.S.C. § 1446(b)(1)); *see also Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (adopting "a bright line rule requiring the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount").

[25] Remand is also appropriate because Imperial does not oppose Ledezma's motion. *See Cowart v. Equipmentshare.com, Inc.*, No. CV 23-6934, 2023 WL 8714477, at *1 (E.D. La. Dec. 18, 2023) ("[Defendant's] decision not to oppose plaintiff's remand motion provides sufficient grounds to remand on its own.") (collecting cases).